UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

TYLER DAVIS,                                          )
                                                     )
                          Plaintiff,                 )
                                                     )
v.                                                   )          Case No. 2:23CV22 HEA
                                                     )
ADAIR COUNTY AMBULANCE                               )
DISTRICT and KAT PROBST, CHIEF                       )
EXECUTIVE OFFICER OF THE ADAIR                       )
COUNTY AMBULANCE DISTRICT,                           )
                                                     )
                          Defendants.                )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss [Doc. No. 13]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted in part and denied in part.

## Background

Plaintiff brought this action under 42 U.S.C. §1983 to redress Defendants' alleged unlawful deprivation of Plaintiff's First and Fourteenth Amendment rights and supplemental state claims for deprivation of Plaintiffs rights provided by the Missouri Constitution and state law protection against wrongful termination for performance of acts supported by public policy. Defendants move for dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Counts I, II, and IV -Section 1983 claims and wrongful discharge

claims) and for dismissal for failure to state a claim pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure (Count III-Missouri Statutes § 105.510-

violation of Plaintiff's rights to free speech and to freely assemble and organize).

## Legal Standards

### Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class

of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal

courts are not courts of general jurisdiction; they have only the power that is

authorized by Article III of the Constitution and the statutes enacted by Congress

pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541

(1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are

courts of limited jurisdiction, possessing only that power authorized by

Constitution and statute"). The presence of subject matter jurisdiction is a

threshold requirement that must be assured in every federal case. *Kronholm v. Fed.

Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v.

Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in

every federal case is jurisdiction and we have admonished the district court to be

attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the

issue of subject matter jurisdiction may be raised at any time, by any party or the

court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

**Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts that state a plausible claim of relief to which the plaintiff may be entitled. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id*. In ruling on a 12(b)(6) motion to dismiss, materials embraced by the pleadings, as well as exhibits attached to the pleadings and matters of public record, may all be considered. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

**Discussion**

**Counts I, II and IV**

`       Defendants move to dismiss for lack of subject matter jurisdiction. They contend they are entitled to Eleventh Amendment or sovereign immunity because the Adair Ambulance District is a "political subdivision of the State and Kat Probst is the CEO of the Adair County Ambulance District."

Plaintiff argues this alone is insufficient to afford the Ambulance District and its CEO immunity. Plaintiff points out the numerous allegations in the Complaint which he argues set out sufficient support for a finding that the

3

Ambulance District and Probst are not entitled to immunity. In particular, the Court notes the allegation that any judgment in favor of Plaintiff would not be paid by the State of Missouri, thereby evidencing that the Ambulance District is not an "arm of the State" entitled to immunity.

The Eleventh Amendment recognizes sovereign immunity, which bars individuals from bringing suites for damages against nonconsenting states in federal courts. *Thomas v. St. Louis Bd. Of Police Com'rs.*, 447 F.3d 1082, 1084 (8th Cir. 2006). Eleventh Amendment immunity also extends to arms of the state. Whether an entity is an arm of the state turns on its relationship to the state under state law. *Gorman v. Easley*, 257 F.3d 738,743 (8th Cir. 2001) (overturned on other grounds). Additionally, the Supreme Court, in *Edelman v. Jordan*, stated that the Eleventh Amendment bars "suit[s] in federal court[s] by private parties seeking to impose a liability which must be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). As a result, when determining whether a particular agency is an arm of the state, the Court must consider both "the agency's degree of autonomy and control over its own affairs and, more importantly, whether a money judgment against the agency will be paid with state funds." *Thomas*, 447 F.3d at 1084; See also *Public School Retirement System of Missouri v. State Street Bank & Trust Co.*, 640 F.3d 821, 827 (8th Cir. 2011).

4

In their reply, Defendants present further argument that the district is an arm of the State of Missouri and should be entitled to immunity. Because Plaintiff was not afforded the benefit of the new arguments presented in the reply, the Court will deny the Motion to Dismiss, without prejudice.

With respect to Count III, Plaintiff does not dispute Defendants' argument that R.S.Mo. § 105.510 does not provide a private cause of action. Therefore, the motion to dismiss Count III will be granted.

### Conclusion

Defendants' Motion does not establish the Adair County Ambulance District is an arm of the State that is entitled to Eleventh Amendment or sovereign immunity. The motion with respect to Count III, however, is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 7] is granted with respect to Count III and denied without prejudice with respect to Counts I, II, and IV.

Dated this 28th day of March,  2024.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE